COMMISSIONERS OF LAWRENCEVILLE *vs.* CRAWFORD.

[JACKSON, Judge, did not preside in this case on account of providential cause.]

That an act alleged to have been a breach of a town ordinance against

obstructing streets, was committed after the passage of the ordinance, is a necessary part of the case for the prosecution.

Criminal Law. Municipal corporations. Before Judge RICE. Gwinnett Superior Court. September Adjourned Term, 1877.

Crawford was carried before the Board of Commissioners of Lawrenceville for an alleged violation of the following ordinance:

"Ordinance No. 4. That any person who shall place any obstruction in the streets or alleys of said town, and shall fail to remove the same within twenty-four hours after receiving notice by the town marshal to do so, * * * * * * shall, upon conviction thereof, be punished as prescribed in ordinance No. 1, adopted by this board."

He was adjudged guilty, and sentenced to pay a fine of $10.00, or be imprisoned twenty days. He carried the case to the superior court by *certiorari*. The judgment of the commissioners was reversed, and judgment given against them for costs, and they excepted.

For the other facts see the decision.

F. F. JUHAN; S. J. WINN, for plaintiffs in error.

W. E. SIMMONS, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* to the Board of Commissioners of Lawrenceville. The court, after hearing and considering the answer of the commissioners to the writ of *certiorari* and the evidence contained therein, sustained the same, and rendered judgment in favor of the plaintiff in *certiorari*—whereupon the board of commissioners excepted.

It appears from the evidence in the record, that the ordinance for obstructing the streets in said town which the

plaintiff in *certiorari* was charged with having violated, was passed on the 20th of January, 1877. There is no evidence in the record before us when the fence was placed in the street by the plaintiff in *certiorari*, whether it was before or after the passage of the ordinance. If it was before the passage of the ordinance there was no violation of it at that time. If it was done after the passage of the ordinance, it was incumbent on the commissioners to have shown that fact. It is for the plaintiff to show affirmatively that there is error in the judgment of the court in order to obtain a reversal of it, and inasmuch as that is not affirmatively shown by the evidence in the record in this case, let the judgment of the court below be affirmed.